LARNARD KIDDER, appellant, *v.* TRUSTEES OF SCHOOLS, &c. appellees.

*Appeal from Warren.*

A School Commissioner, who is authorized to sell school lands upon a credit under the provisions of the Act of January 12, 1833, may contract with the purchaser for the payment of interest.

A School Commissioner is a ministerial officer, and acts under a power delegated by the Legislature. The inhabitants of his township may determine whether the school lands shall be sold on a credit, but the terms of that credit are left to the discretion of the Commissioner.

The term *"credit,"* must receive an extended or a limited construction, depending upon the character of the instrument in which it is used. In a contract, its meaning would be limited so as not to include interest unless it were expressed.

THIS case was submitted to the Circuit Court of Warren county at the May term, 1848, the Hon. Norman H. Purple presiding, for a decision upon the following statement of facts:

"On the 15th January, 1838, Larnard Kidder executed to the School Commissioner three notes under seal of the same tenor and date, and for like amounts, two hundred and seventy dollars and thirteen and a third cents each, payable one, two and three years after date—the first of said notes being in the words and figures following, to wit:

"$270·13⅓

For value received, one year after date, we or either of us promise to pay W. S. Berry, School Commissioner and agent for the inhabitants of Warren county, or his successor in office, for the use of the inhabitants of township No. eight north, of range 2 West, the sum of two hundred and seventy dollars and 13⅓ cents, with 12 per cent. int. thereon, from date until paid—said interest payable semi-annually in advance. Witness our hands and seals this fifteenth day of January, A. D. 1838.

> Larnard Kidder. [seal.]
> James Tucker. [seal.]
> John M. Hoisington. [seal.]"

These notes were given for school land bought by Kidder at a public sale of said land made by the School Commissioner. The land for which the notes were given was sold on a credit of one, two and three years, in accordance with the petition of the inhabitants of the township for its sale. The petition prayed that the land might be sold "on a credit of one, two and three years at twelve per. cent interest from the date of the sale, to be paid semi-annually." When said land was advertised for sale, it was stated in the advertisement that the sale would be "on a credit of one, two and three years, the purchaser giving a mortgage on the lots purchased, and notes with approved security for the purchase money with 12 per. cent. interest, payable semi-annually in advance."

On the 15th January, 1838, the land was sold in conformity with the petition and advertisement aforesaid, and said Kidder became the purchaser of eighty acres thereof, and, on the same day, gave the notes aforesaid with security for the purchase money. On the day said notes were made, said Kidder paid thereon as advance interest, forty eight dollars and sixty cents, and subsequently made the following payments : (here followed a list of the same.)

Upon the above facts, the Court is asked to pronounce judgment in favor of the Trustees of Schools of township eight north, range two west, against said Kidder and his securities, for so much as remains due and unpaid on said notes.

*O. H. Browning,* for Trustees, &c.
*A. Williams,* Att'y for Kidder. "

Upon this statement, after argument by the counsel, the Court rendered a judgment in favor of the Trustees, and against the defendants, for $534·97, and costs. From this judgment, Kidder appealed to this Court.

*C. B. Lawrence,* for the appellant, cited and commented upon the Act of the Legislature on the subject of sales on a credit. R. L. 566. He contended that the sale in this case was in contravention of law, twelve per cent. interest

being reserved. "Credit," he insisted, meant a time for payment, without interest.

If an agent exceed his authority, the contract is good so far as the authority goes, but not so as to the excess. *Hatch* v. *Mann,* 15 Wend. 44; *Vose* v. *Dean,* 7 Mass. 280; *Stevenson* v. *Mortimer,* 2 Cowper, 805; 7 Comyn's Dig., 15.

*O. H. Browning,* for the appellees, argued that credit sales did not necessarily exclude the idea of interest. He cited and commented upon the following authorities: Session Laws of 1829, p. 152–3, §§ 5, 10; Session Laws of 1831, p. 75, § 2; R. L. 565, § 9; ib. 348, 566.

If it become necessary to uphold a contract, the interest may be considered as a part of the purchase money. *Beete* v. *Bidgood,* 14 Eng. Com. Law R. 82; *Marshall* v. *Poole,* 13 East, 98.

*A. Williams* concluded the argument in behalf of the appellant.

Where a special authority is given to magistrates and others by statute, their acts are null and void, unless they proceed in the manner and under the restrictions which it imposes. 2 Starkie's Ev. 660; 3 U. S. Dig. 73, §§ 51, 108, 122; *Dillingham* v. *Snow,* 5 Mass. 557; *Bangs* v. *Snow,* 1 do. 190; *Stetson* v. *Kempton,* 13 do. 281.

There is no position, which depends on clearer principles, than that every act of a delegated authority contrary to the commission under which it is exercised, is void. *Merrill* v. *Sherburne,* 1 New Hamp. 216.

The Opinion of the Court was delivered by

CATON, J. There is but a single question presented in this case, depending entirely upon the construction to be given to the Act of 12th of January, 1833, authorizing a credit on sales of school lands. That Act provides, "that whenever the inhabitants of a township, petitioning for the sale of the sixteenth section, shall be of opinion that their interests would be promoted by selling said section on a credit, they

may represent the same in their petition ; whereupon it shall be the duty of the Commissioner to sell said lands on a credit of one, two, and three years, the purchaser giving a mortgage on the land, and good personal security, for the payment of the purchase money, to be approved by the County Commissioners' Courts respectively." Can the Commissioners sell upon the credits specified, and agree with the purchaser for the payment of interest? This is the only question. We are clearly of opinion that he may. The School Commissioner is a ministerial officer or agent appointed by the law to do certain things, and among others, to sell the school lands. In doing this, he exercises a power delegated to him by the Legislature. In that delegation of power he might have been invested with greater or less discretion according to the pleasure of the Legislature. The law has specified 'the extent of the credit, and the character of the security. This might have been left to the discretion of the Commissioner, had it been thought advisable. Upon the inhabitants of the township is conferred the discretion of determining whether the land shall be sold on a credit, the extent of which is fixed by the law, while the terms of the credit are left to the discretion of the Commissioner. The sale was not the less upon a credit because interest was agreed to be paid upon the purchase money. A credit may be given either with or without interest, as its terms may be various. The term "credit" must receive an extended or limited construction depending upon the character of the instrument in which it is used. In a contract, its meaning would be limited so as not to include interest unless it were expressed, as, if one sells a farm for so much money, on a credit of one, two and three years. There the instalments would not bear interest. But if one empowers another to sell his farm upon a credit of one, two and three years, without specifying whether the credit shall be with or without interest, he thereby gives a discretion to his attorney, to agree upon the terms of the credit as he shall think proper. If under such a power, the agent should stipulate for interest, it would hardly be contended by any, that for that reason the principal might

repudiate the contract, upon the ground that the agent had exceeded his authority, or that the purchaser could resist the payment of interest, because the agent was not authorized to contract for it. If the sale would be binding upon either, it would be upon both. This latter case is precisely parallel with the one before us. Here the Legislature has conferred a power upon the Commissioner to sell land, and has necessarily vested him with the ordinary discretion of an agent as to the mode and terms of executing the power, within the specified limits and restrictions contained in the Act. Suppose the Legislature were to authorize an agent to loan public money upon a given credit, saying nothing about interest, would it be consistent that the agent could not lawfully contract for interest? And yet it might with equal propriety be said, that he was vested with no such discretion. We do not perceive the applicability of the cases referred to, showing that a public officer, whose compensation is fixed by law for the performance of certain official acts, cannot become entitled, by agreement, to a greater compensation for the performance of those acts. Here the officer or agent receives no greater compensation when he contracts for interest, than when he does not. It is not for his benefit that the interest is promised, but for the inhabitants of the township. Being of opinion that this sale was made in pursuance of the authority conferred by the statute and therefore valid and binding as well upon the purchaser as the State, the judgment must be affirmed with costs.

*Judgment affirmed.*